IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES FORDJOUR,<br><br>             Petitioner,<br><br>    v.<br><br>JANET NAPOLITANO, Secretary of Department of Homeland Security, et al.,<br><br>             Respondents. | No. C 09-1919 MMC (PR)<br><br>**ORDER OF TRANSFER**<br><br>**(Docket Nos. 2, 6 & 7)** |

On May 1, 2009, petitioner, a detainee of the United States Department of Homeland Security, United States Immigration and Customs Enforcement ("I.C.E."), filed the above-titled petition for a writ habeas corpus pursuant to 28 U.S.C. § 2241, claiming that the length of his ongoing detention by I.C.E. raises constitutional concerns. At that time, petitioner was being held at the Santa Clara County Jail awaiting deportation proceedings in Immigration Court in San Francisco. On June 15, 2009, petitioner notified the Court that he has been transferred to the Yuba County Jail, in Marysville, California.

Although petitioner notified the Court of his change of address, he did not tell the Court why he was transferred to the Yuba County Jail or provide further information about his detention by I.C.E. The Court, however, has learned that the Immigration Court, on June 4, 2009, ordered petitioner deported, and that petitioner, on June 10, filed an appeal of the deportation decision, which appeal still is pending. Further, the Court is aware that the Yuba County Jail is used by I.C.E. to detain individuals pending deportation.

District courts are limited to granting habeas relief "within their respective jurisdictions." 28 U.S.C. § 2241(a). The Supreme Court has interpreted this language to

require that a § 2241 petitioner challenging his present physical custody file a petition for a writ of habeas corpus in the district of confinement. Rumsfeld v. Padilla, 542 U.S. 426, 446-47 (2004). At the time petitioner filed the instant petition he was incarcerated at the Santa Clara County Jail awaiting deportation proceedings; consequently, venue was proper in the Northern District. See 28 U.S.C. § 84(a). At present, however, petitioner, after being ordered deported, is confined at the Yuba County Jail in Marysville, California. Yuba County is located within the venue of the Eastern District of California. See 28 U.S.C. § 84(b). Under such circumstances, the Court may properly transfer the case to the Eastern District. See Chatman-Bey v. Thornburgh, 864 F.2d 804, 814 (D.C. Cir. 1988) (holding district court may, under 28 U.S.C. § 1404(a), transfer sua sponte to district of confinement § 2241 petition filed in wrong district).[1]

Accordingly, pursuant to 28 U.S.C. § 1404(a), and in the interest of justice, the above-titled action is hereby TRANSFERRED to the United States District Court for the Eastern District of California. In light of the transfer, this Court will defer to the Eastern District with respect to petitioner's application to proceed in forma pauperis.

This order terminates Docket Nos. 2, 6 and 7.

IT IS SO ORDERED.

DATED: June 26, 2009

_____
MAXINE M. CHESNEY
United States District Judge

---

[1] In Rumsfeld, the Supreme Court, noting a split in the circuits, declined to decide who must be named as the proper respondent in a § 2241 petition brought by an alien challenging his detention pending deportation. See id. at 436 n.8. Prior to Rumsfeld, the Ninth Circuit had held the proper respondent is the Attorney General. See Armentero v. INS, 340 F.3d 1058, 1071 (9th Cir. 2003). After Rumsfeld was decided, however, Armentero was withdrawn, see 382 F.3d 1153 (9th Cir. 2004), and every other circuit court to address the question has found that the proper respondent is the petitioner's immediate custodian, not the Attorney General. See Nken v. Napolitano, 607 F. Supp. 2d 149, 158-60 (D.C. 2009) (discussing circuit decisions post-Rumsfeld). Here, the Court need not determine the proper respondent to the petition; whether it is the Attorney General or petitioner's immediate custodian, petitioner is not confined in this district and, therefore, venue is not proper in the Northern District.