IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES A. FORDJOUR,

      Petitioner,                    No. CIV S-09-1800 JAM EFB P

    vs.

JANET NAPOLITANO, et al.,

      Respondents.             ORDER

_____/

      Petitioner is in the custody of immigration officials and seeks an order for his release pursuant to 28 U.S.C. § 2241. He has filed a number of requests both before and after his July 20, 2009 petition. On May 1, 2009, he filed a request for leave to proceed *in forma pauperis* and "an emergency motion for appointment of counsel," which the clerk appears to have treated as the petition. His actual petition was not filed until July 20, 2009, and it appears that the Clerk has treated it as a motion for preliminary injuction, apparently because the petitioner wrote on the cover page of the petition "Preliminary Injunction Requested." The pleading, however, is a petition, not a motion for preliminary injunction and it does not request specific preliminary injunctive relief other than to reiterate the request to expedite the case.

////

////

1

1    On July 28, 2009, petitioner filed "emergency" motions to consolidate this case with case
2 no. Civ. S-09-1923 GEB GGH P, and to expedite these proceedings. On August 25 and
3 September 14, 2009, he filed an additional request to expedite issuing the Order to Show Cause
4 on his petition. The court address herein each of these motions.

5    As a threshold matter, petitioner's request for leave to proceed *in forma pauperis* must be
6 granted. His affidavit reveals that he is unable to afford the costs of suit. The statute provides
7 that a judge "entertaining an application for a writ of habeas corpus shall forthwith award the
8 writ or issue an order directing the respondent to show cause why the writ should not be granted,
9 unless it appears from the application that the applicant or person detained is not entitled
10 thereto." 28 U.S.C. § 2243. It is not apparent from the face of the application that the petitioner
11 is not entitled to relief. Accordingly, plaintiff is granted leave to proceed *in forma pauperis.*

12    Secondly, the court has reviewed the petition and hereby orders respondent to show cause
13 for petitioner's detention. Accordingly, the several requests to expedite issuance of the order to
14 show cause are now moot and they are denied accordingly.

15    Third, the petitioner's motion to consolidate has caused the court to examine the petition
16 in this case together with the petition filed in case number Civ. S-09-1923 GEB GGH P.
17 Examination of the two shows that the petition filed in case number 09-1923 is nearly identical
18 to the one filed in this case. Therefore, the cases are related within the meaning of Local Rule
19 83-123(a) (E.D. Cal. 1997). Under the regular practice of this court, related cases are generally
20 assigned to the judge and magistrate judge to whom the first filed action was assigned.
21 Accordingly, the cases are reassigned at the conclusion of the order.

22    Given that the two petitions are nearly identical it is also apparent that the cases should
23 be consolidated. Accordingly, the later filed case, Civ. S-09-1923, will be consolidate with this
24 action, *see* Fed. R. Civ. P. 42(a), and the Clerk will be directed to administratively close that file
25 and all pleadings shall be filed in this action.
26 ////

Finally, the petitioner has requested appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. *See Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996). The court may appointment counsel at any stage of the proceedings "if the interests of justice so require." *See* 18 U.S.C. § 3006A; *see also*, Rule 8(c), Rules Governing Section 2254 Cases. The court will defer the question of counsel until after receiving the response to the petition, which raises a number of complex issues. Accordingly, the request for appointment of counsel is denied without prejudice but the court intends to revisit the question upon the filing of a responsive pleading.

As noted, the clerk mistook the July petition as a motion for preliminary injunction. There is no pending motion that requests an order for specific preliminary injunctive relief.

Accordingly, it is hereby ordered that:

1. Petitioner's request for leave to proceed *in forma pauperis* is granted.

2. Respondent shall file and serve either an answer or a motion in response to petitioner's application within 45 days from the date of this order. Any response shall be accompanied by any and all transcripts or other documents relevant to the determination of the issues presented in the application.

3. Petitioner's reply, if any, shall be filed and served within 30 days of service of an answer.

4. If the response to petitioner's application is a motion, petitioner's opposition or statement of non-opposition shall be filed and served within 30 days of service of the motion, and respondents' reply, if any, shall be filed within 15 days thereafter.

5. The Clerk of the Court shall serve a copy of this order together with a copy of the May 1, 2009, petition for a writ of habeas corpus with any and all attachments on United States Attorney Lawrence G. Brown. The Clerk shall also serve on the United States Attorney the consent form used in this court.

////

3

1      6. Petitioner's July 28, 2008, motion to expedite issuance of an order to show cause is

2 denied as moot.

3     7. The two actions, Civ. S-09-1800 JAM EFB P and Civ. S-09-1923 GEB GGH P are

4 related within the meaning of Local Rule 83-123(a). According, case number Civ. S-09-1923

5 GEB GGH P is hereby reassigned to District Judge John A. Mendez and Magistrate Judge

6 Edmund F. Brennan. The Clerk is directed to make appropriate adjustment in the assignment of

7 civil cases to compensate for this reassignment.

8     8. Petitioner's July 28, 2009, motion to consolidate this action with case number Civ. S-

9 09-1923 GEB GGH P (now JAM EFB P) is granted. Accordingly,

10         a. Case No. Civ. S-09-1800 JAM EFB P is designated as the "master file";

11         b. The Clerk is directed to copy the petition and other pertinent documents in

12 Civ. S-09-1923 JAM EFB P, and to place said copies in the "master file";

13         c. The Clerk is directed to administratively close case number Civ. S-09-1923

14 JAM EFB P; and

15         d. The parties are directed to file all future pleadings ONLY in case number Civ.

16 S-09-1800 JAM EFB P.

17     9. Petitioner's May 1, 2009, request for counsel is denied without prejudice to renewal

18 after the service of a responsive pleading.

19 Dated: September 29, 2009.

20                       EDMUND F. BRENNAN

21                       UNITED STATES MAGISTRATE JUDGE