IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES FORDJOUR,

            Petitioner,                  No. CIV S-09-1800 JAM EFB P

    vs.

JANET NAPOLITANO, et al.          ORDER AND FINDINGS AND
                                        RECOMMENDATIONS

            Respondents.

_____/

      Petitioner is currently in the custody of United States Immigration and Customs

Enforcement ("ICE").  He seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241,

challenging his detention.  Currently before the court are respondents' motion to dismiss for lack

of jurisdiction, Dckt. No. 46, petitioner's motions for preliminary injunctive relief, Dckt. Nos.

45, 48, and petitioner's renewed request for counsel.  For the reasons explained, the court has

jurisdiction over part of the instant petition and lacks jurisdiction over part, and respondents'

motion to dismiss must therefore be denied in part and granted in part.  Additionally, petitioner

has not shown entitlement to preliminary injunctive relief, and his motions seeking such relief

must therefore be denied.  However, because petitioner's case presents complex issues, the court

finds that justice would be served by granting his request for appointed counsel.

////

1

1    Lastly, upon review of the instant petition and petitioner's additional petition at Case No.

2  Civ. S-09-2806 FCD CMK, the Court concludes that the cases are related and will be

3  consolidated.

4  **I.    Procedural History**

5    Neither party has submitted a complete record of the prior proceedings in this matter,

6  which are many, although petitioner has submitted numerous exhibits to his petition, Dckt. Nos.

7  1, 5, 11.[1]  The following recitation of the case's procedural history has been compiled from the

8  exhibits which have been provided and the facts asserted by the parties in their briefs, where not

9  disputed.

10    Petitioner is a native and citizen of Ghana.  Resps.' Mot. to Dism. at 2.  He entered the

11  U.S. as a "B1/B2 non-immigrant visitor" in 1977.  *Id.*; Pet'r's Mot. for Appointment of Counsel

12  & FRAP 23 Release (Docket No. 1, hereinafter "Pet'r's Mot. for Counsel"), Ex. 10 (petitioner's

13  Ninth Circuit petition for review) at 4.  He became a lawful permanent resident in 1986.  *Id.*  In

14  1988, the then-Immigration and Naturalization Service ("INS") placed petitioner in deportation

15  proceedings.  Pet'r's Mot. for Counsel, Ex. 1 (OSC from INS).  The INS charged petitioner with

16  deportability under 8 U.S.C. §§ 1184(a)(iv) based on his conviction on May 27, 1987 of

17  obtaining credit by false pretenses in violation of California Penal Code section 532 (for which

18  petitioner was sentenced to two years in prison).  *Id.*  In 1993, petitioner's INS case was

19  _____

20    [1] In its order of September 29, 2009, this Court ordered that:

21    Respondent shall file and serve either an answer or a motion in response to
    petitioner's application within 45 days from the date of this order.  *Any response*
    *shall be accompanied by any and all transcripts relevant to the determination of*
22    *the issues presented in the application.*

23  Order of Sept. 29, 2009, Docket No. 28 (emphasis added).  Respondents have not complied –
    their responsive motion is accompanied only by a single exhibit (a decision of the immigration
24  judge dated June 3, 2009), and they provide no documentary support or citations for nearly all of
    the factual assertions made in the motion.  As a result, the Court has had to sift through the
25  docket to piece together a picture of this complicated case from the documents provided by
    petitioner with other submissions.  The Court admonishes respondents that it will not consider
26  future submissions absent citations to exhibits for factual assertions made therein.

1    apparently administratively closed.  Pet'r's Mot. for Counsel, Ex. 10 at 5.  On July 10, 1998,

2    removal proceedings were again initiated against petitioner, adding additional charges under 8

3    U.S.C. §§ 1231(a)(2)(A)(iii) (conviction of aggravated felony) and 1231(a)(2)(A)(ii) (conviction

4    of two crimes involving moral turpitude).  *Id.*  The added charges were based on another

5    conviction sustained by petitioner on February 9, 1998 for violation of Arizona Revised Statutes

6    § 13-2310 (fraudulent schemes and artifices).  Pet'r's Supp. Exs., Ex. 13, Attach. A.  Charges

7    may also have been filed based on an August 18, 1986 conviction for violation of Cal. Penal

8    Code § 532 (obtaining credit by false pretenses); the IJ's decision does not mention this

9    conviction, however.  *Id.*; Pet'r's Mot. for Counsel, Ex. 10 at 5; Resps.' Mot. to Dism. at 2.

10   Additionally, in 2009, petitioner was convicted of violating Cal. Penal Code § 69 in 2007 by

11   obstructing and resisting an executive officer, incurring a sixteen-month prison sentence, but it is

12   unclear whether immigration authorities have added charges to petitioner's removal proceedings

13   based on that conviction.  Pet'r's Supp. Exs., Dckt. No. 5, Ex. 13, Attach. D (abstract of

14   judgment).  Petitioner disputes that he has ever been convicted of an aggravated felony or crime

15   of moral turpitude, or, for that matter, "any offense in any court of law."  Pet., Dckt. No. 32, at

16   20 (page marked "(2J)").

17        On November 5, 2002, an immigration judge ("IJ") denied petitioner's application for

18   termination of the deportation proceedings based on his claim of U.S. citizenship and ordered

19   him deported under all three charges (8 U.S.C. §§ 1184(a)(iv), 1231(a)(2)(A)(ii) & (iii)[2]).  Pet'r's

20   Mot. for Counsel, Ex. 13, Attach. A.  The Board of Immigration Appeals ("the Board" or "BIA")

21   affirmed the IJ's decision on June 28, 2003.  Resps.' Mot. to Dism. at 3.  Petitioner sought

22   review in the Ninth Circuit Court of Appeals, which remanded the matter to the Board after the

23   government submitted an unopposed motion seeking remand so that the Board could reconsider

24   whether petitioner was eligible for a waiver of inadmissibility under section 1182(c).  Pet'r's

25   _____

26   [2] Future statutory references are to Title 8 of the United States Code, unless otherwise indicated.

3

Supp. Exs., Ex. 11 (government's motion); Pet'r's Mot. for Counsel, Ex. 2 (Ninth Circuit's order).  On remand from the Ninth Circuit, the BIA vacated its June 28, 2003 decision and remanded the matter back to the IJ.  Pet'r's Mot. for Counsel, Ex. 3.

In 2005, petitioner was released after posting bond.  Pet'r's Mot. for Counsel, Exs. 4-5. At that time, he had a federal habeas petition pending challenging his detention, and the case was dismissed as moot following his release.  *Id.*, Ex. 5.  At some point, petitioner was again arrested by immigration authorities – petitioner alleges that he has been detained by ICE continuously since December 17, 2006.  Pet. at 10-11 (pages marked "page 3 of 5" and "(2A)").  Respondents, on the other hand, state that petitioner was not in ICE custody for some unspecified period during some of 2008 and 2009 while serving a state prison term (presumably for the Cal. Penal Code § 69 conviction).  Resps.' Mot. to Dism. at 3 (stating that the IJ closed petitioner's case on August 11, 2008 because he was not in ICE custody, that petitioner was at some point returned to ICE custody upon completion of his state prison term, and that the IJ ordered him deported on June 4, 2009).  The Court is therefore unable to determine currently the actual length of petitioner's detention by ICE; it appears to be somewhere between one-and-a-half and three years.  During that time, petitioner sought release on bond from ICE, but was denied by both ICE Assistant Field Director Erik Bonner on February 2, 2008 and IJ Anthony S. Murry on April 23, 2009.  Pet'r's Mot. for Counsel, Exs. 5-6.

On remand from the BIA, the IJ found that petitioner was not eligible for a waiver of inadmissibility under section 1182(c) and ordered him deported on June 3, 2009.  Resps.' Mot. to Dism., Attach. A.  Petitioner appealed to the BIA, which rejected the IJ's reasoning and remanded the case back to the IJ on December 2, 2009 to again consider petitioner's eligibility for waiver of inadmissibility.  Pet'r's "Traverse and Objection Response Brief to Respondent's Response to Order to Show Cause, Motion to Dismiss for Lack of Jurisdiction" (hereinafter "Pet'r's Opp'n"), Ex. A.  By all indications, the case is currently under consideration by the IJ pursuant to the BIA's December 2, 2009 order.

4

1    Petitioner filed the instant habeas petition on July 15, 2009, arguing that his indefinite

2    detention by ICE violates his constitutional rights to substantive and procedural due process and

3    to be free from cruel and unusual punishment.  He seeks his immediate release on his own

4    recognizance or with reasonable conditions of supervision and termination of his deportation

5    proceedings because he has not committed crimes justifying deportation and is a U.S. citizen.

6    **II.    Respondents' Motion to Dismiss**

7    On September 29, 2009, this court ordered respondents to submit an answer or motion in

8    response to the petition, and respondents have accordingly submitted a motion to dismiss for

9    lack of jurisdiction, Dckt. No. 46.  Respondents argue that petitioner must wait until he has a

10   final order of removal from the IJ and BIA and then seek review of that order in the Ninth

11   Circuit Court of Appeals, not this Court.  In the meantime, respondents contend that petitioner is

12   not entitled to release or a bond hearing because he is subject to mandatory detention under

13   section 1226(c).

14   To the extent that petitioner seeks review of the merits of any removal order that may

15   finally issue at the termination of his administrative proceedings, respondents are correct – the

16   Court of Appeals is the exclusive venue to obtain such review.  8 U.S.C. § 1252(a)(5); *Singh v.*

17   *Gonzales*, 499 F.3d 969, 977-79 (9th Cir. 2007).  Under § 1252(a)(5), this Court lacks

18   jurisdiction to review whether petitioner is subject to deportation because he has committed

19   crimes subjecting him to deportation and is not a U.S. citizen, and petitioner must pursue review

20   of those issues in the Court of Appeals. 8 U.S.C. § 1252(a)(5); *see* 8 U.S.C. § 1252(b)(5)

21   (providing that the Court of Appeals may determine citizenship issues that present no genuine

22   issue of fact or transfer citizenship issues that present a genuine factual issue to the district court

23   for the district in which the petitioner resides).  The undersigned therefore recommends that the

24   district judge dismiss petitioner's request that the Court terminate his deportation proceedings

25   because he has not committed an aggravated felony or crime of moral turpitude and is a U.S.

26   citizen.

1    The bulk of the petition, however, seeks review of a matter independent of the merits of

2    the removal order – whether petitioner's detention is unlawful.  This Court has jurisdiction over

3    that claim, to the extent that it does not implicate the merits of the removal order.  *Singh*, 499

4    F.3d at 978 (§ 1252(a)(5) applies only to challenges to orders of removal and not "challenges

5    that arise independently"); *see Casa-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942 (9th

6    Cir. 2008) (reviewing the merits of a district court's order on petitioner's § 2241 petition

7    challenging his detention by immigration authorities).

8    Respondents argue that petitioner is not entitled to the relief he seeks (release on his own

9    recognizance or a bond hearing), because he is detained under section 1226(c), which provides

10   for mandatory detention of aliens found deportable for having committed certain crimes.

11   Petitioner argues that he is not subject to section 1226(c).  The Court agrees.

12   As noted by the Ninth Circuit in *Casas-Castrillon v. Dep't of Homeland Sec.*, whether

13   petitioner must be released or provided a bond hearing "turns in part on locating him within the

14   statutory framework of detention authority provided by" sections 1226 and 1231, because

15   "'[w]here an alien falls within this statutory scheme can affect whether his detention is

16   mandatory or discretionary, as well as the kind of review process available to him if he wishes to

17   contest the necessity of his detention.'"  *Casas-Castrillon*, 535 F.3d at 945 (quoting *Prieto-*

18   *Romero v. Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008)).  Generally, an alien initially detained

19   under section 1226(c) remains detained under the authority of that section until proceedings

20   before the BIA are complete and the agency has issued its final order of removal.  *Casas-*

21   *Castrillon*, 535 F.3d at 947-48.  If the alien seeks review of the removal order before the Ninth

22   Circuit, the government's authority to detain him shifts to that provided for by section 1226(a)

23   until the court completes review.  *Id.* at 948.  If the court denies relief and lifts its stay of

24   removal, the government's authority to detain the alien shifts again to that provided for by

25   section 1231(a).  *Id.* at 947.  If, instead, the court grants relief and remands the case to the BIA,

26   the government's authority to detain the alien remains under section 1226(a).  *Id.* at 948.

6

1   Although the initial order of removal is no longer final after remand from the Court of Appeals,

2   the government's authority to detain the alien does not shift back to that provided for by section

3   1226(c) – "the mandatory, bureaucratic detention of aliens under § 1226(c) was intended to

4   apply only for a limited time" and ends when the BIA affirms the first removal order.  *Id.*

5         The parties do not dispute that petitioner sought review of his final order of removal in

6   the Ninth Circuit and that that court stayed his removal and remanded the case to the BIA to

7   determine petitioner's eligibility for waiver of inadmissibility under section 1182(c).

8   Accordingly, under *Casas-Castrillon*, even if petitioner was initially properly detained under

9   section 1226(c), the government may no longer claim authority from that section to detain him.

10  Instead, the authority for petitioner's detention now comes from section 1226(a).  *Id.* ("An alien

11  whose case is being adjudicated by the agency for a second time – *after* having fought his case in

12  this court and won, a process which often takes more than a year – has not received expeditious

13  process" and is therefore not subject to detention under section 1226(c)).  Under section 1226(a),

14  the Attorney General must provide an alien subjected to prolonged detention with a bond hearing

15  to determine whether he poses a flight risk or danger to the community.  *Id.* at 951.  Accordingly,

16  respondents' contention that petitioner is not entitled to release or a bond hearing because he is

17  detained under section 1226(c) is contrary to the law of this Circuit, and the undersigned

18  recommends that their motion to dismiss the petition on that ground be denied.

19  **III.    Petitioner's Requests for Injunctive Relief**

20        Petitioner has submitted two requests for injunctive relief: (1) a motion for a preliminary

21  injunction ordering his release on his own recognizance, Dckt. No. 45 and (2) a motion for an

22  order directing respondents to transfer petitioner to JP Morgan Chase & Co. in San Francisco

23  and to the ICE facility in San Francisco, Dckt. No. 48.  Petitioner has also submitted a request

24  for expedited ruling, Dckt. No. 47, and a request for status on the same, Dckt. No. 53.  For the

25  reasons provided below, petitioner has not shown his entitlement to injunctive relief and the

26  motions should be denied.

1    **A.      Motion for Preliminary Injunction**

2         In his motion for a preliminary injunction, plaintiff alleges that federal authorities have

3    continually subjected him to "torture, illegal experiments, kidnapping, false imprisonment,

4    entrapments, CAT, burning, attempted murder on a daily basis, conspiracy to commit murder,

5    torture by genital mutilation, obstruction of justice, inducement of cancer, exposure to radiation

6    and electromagnetic radiowaves, microwaves, permanent damages and injuries to internal organs

7    and bones from the daily and continuous illegal experiments on 24 hours basis and 365 days and

8    so forth." Pet'r's Emergency Mot. for Prelim. Inj. at 7-8.  For ease of exposition, the court will

9    refer to these factual allegations collectively as "torture" herein.  He further alleges that

10   "[r]espondents have continuously obstructed justice and manipulated legal and court proceedings

11   to subject petitioner Fordjour to indefinite detention since December 17, 2006." *Id.* at 8.  He

12   seeks release on his own recognizance pending resolution of his habeas petition, pursuant to

13   Federal Rule of Appellate Procedure 23, 28 U.S.C. § 2241, and *Maharaj v. Ashcroft*, 295 F.3d

14   963 (9th Cir. 2002) (holding that traditional standard for interim injunctive relief applies to

15   motions for such relief pending appellate review of the denial of an alien's habeas petition).

16        Fed. R. App. P. 23(b) provides:

17        While a decision not to release a prisoner is under review, the court or judge
          rendering the decision . . . may order that the prisoner be:
18
          (1)    detained in the custody from which release is sought;
19
          (2)    detained in other appropriate custody; [or]
20
          (3)    released on personal recognizance with or without surety.
21

22   The Court finds that petitioner's request comes too early to fall within the authority granted by

23   Rule 23(b), as no "decision not to release" petitioner has yet been issued by this Court.

24   Nevertheless, the Court considers petitioner's traditional motion for a preliminary injunction

25   under the same standard.  *Nadarajah v. Gonzalez*, 443 F.3d 1069, 1083 (9th Cir. 2006) (in

26   considering a request for release under Rule 23(b), the court employs the same standard

applicable to similar motions for interim injunctive relief).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, ___ U.S. ___, 129 S. Ct. 365, 374 (2008); *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009).

Petitioner argues that he is likely to succeed on the merits of his action based on the following conclusions: (1) that he has been subjected to continuous violations of his constitutional and statutory rights; (2) that he has been subjected to continuous torture; (3) that he is not deportable because he has not committed an aggravated felony or crime of moral turpitude; (4) that he is not deportable because he is a U.S. citizen; (5) that he has been subjected to indefinite detention in violation of due process; and (6) res judicata bars respondents from relitigating unspecified issues already determined in prior proceedings. As to the first and second of these conclusions, petitioner has not provided the court with any evidence of torture other than his complaints to Yuba County Jail, ICE, and the Executive Office for Immigration Review, which contain only the same vague conclusions and no details of how respondents have tortured him or obstructed justice. As to the third and fourth conclusions, this court has jurisdiction only to determine the legality of petitioner's detention and not the correctness of ICE determinations underlying his removal order (e.g., that he is deportable), as discussed above. As to the sixth conclusion, the Court cannot determine from petitioner's motion which issues he asserts respondents may not relitigate due to res judicata and what impact, if any, application of that doctrine would have on the merits of the petition.

The fifth conclusion – that respondents are violating petitioner's due process rights by subjecting him to indefinite detention – merits some discussion. As the court has determined, petitioner is currently detained under section 1226(a). That section does not authorize indefinite detention. Rather, it limits detention to a period reasonably necessary to bring about an alien's

1    removal from the U.S. *Prieto-Romero*, 534 F.3d at 1063.  Where an alien's detention is

2    prolonged by his pursuit of judicial review of his administratively final removal order, however,

3    that detention is not impermissibly "indefinite," so long as no bar exists that would prevent the

4    alien's removal (e.g., the destination country's refusal to accept the alien, removal barred by U.S.

5    law, or lack of a repatriation treaty with the destination country).  *Id.* at 1063, 1065.  The fact

6    that the detention lacks a certain end-date does not render it "indefinite" in a constitutionally

7    problematic sense.  *Id.* at 1063.  Rather, detention is "indefinite" only where there is no

8    significant likelihood that the alien could be removed upon completion of judicial review of a

9    final removal order.  *Id.* at 1063-65; *see also Casas-Castrillon*, 535 F.3d at 948-49.

10       Petitioner has not presented any evidence or argument that there is no significant

11   likelihood that he could be removed to Ghana upon the completion of the Ninth Circuit's review

12   of his final removal order (once it issues).  Thus, he has failed to show that it is likely that this

13   court will find his detention unconstitutionally "indefinite" and grant habeas relief on that

14   ground.  As to petitioner's request for release on bond, the court has concluded, as noted above,

15   that he is entitled to a bond hearing under *Casas-Castrillon*:

16          Because the prolonged detention of an alien without an individualized
            determination of his dangerousness or flight risk would be constitutionally
17          doubtful, we hold that § 1226(a) must be construed as *requiring* the Attorney
            General to provide the alien with such a hearing. Thus an alien is entitled to
18          release on bond unless the government establishes that he is a flight risk or will be
            a danger to the community.
19

20   935 F.3d at 951 (emphasis in original, internal citations and quotation marks omitted).  It is

21   unclear, however, whether respondents have failed to provide such a hearing.  Petitioner has

22   submitted evidence that he was afforded a bond hearing in the spring of 2009 but was denied

23   release.  Pet'r's Opp'n, Decl. in Supp. Thereof, ¶ 15; Pet'r's Mot. for Counsel, Ex. 6 (order of IJ

24   denying change in custody status, reasoning not provided).  As it appears from the evidence

25   submitted by petitioner that he may have already received the bond hearing to which he is

26   entitled under section 1226(a), he has not established a likelihood that he will succeed in his

1   request for such a hearing via this habeas petition.

2          As petitioner has not established a likelihood that he will succeed on the merits of his

3   habeas petition, the Court may not grant his request for preliminary injunctive relief, Dckt. No.

4   45, and need not consider whether petitioner has shown irreparable harm, a favorable balance of

5   equities, or public interest favoring his release.  Petitioner's requests for expedited ruling on the

6   motion and for the status of the motion, Dckt. Nos. 47, 53, should be denied as moot.

7          **B.     Motion for Transport**

8          Petitioner has submitted an additional motion for injunctive relief, asking the Court to

9   order respondents to transport him to two locations in San Francisco: J.P Morgan Chase & Co. at

10   401 California Street and "USDOJ/USDHS/USBICE Federal Building and Courthouse" at 630

11   Sansome Street.

12          Petitioner asserts that he must be transported to J.P. Morgan Chase to discharge his

13   parental duties to his children "as mandated by California state laws and federal laws and

14   statutes," specifically California Probate Code §§ 3900 *et seq.*, 12 U.S.C. §§ 1 *et seq.*, 9 U.S.C.

15   §§ 1 *et seq.*, and 28 U.S.C. § 2241(c)(5).  Petitioner does not clearly explain why his parental

16   duties require his presence at J.P. Morgan Chase, but asserts that some sort of "proceedings

17   under the California Probate Code, §§ 3900 *et seq.* and California Uniform Transfers to Minor

18   Act" will take place there, presumably a transfer of funds to his children.  None of the statutes

19   cited to by petitioner provide authority for this court to order respondents to transport petitioner

20   to J.P. Morgan Chase.  Accordingly, petitioner's request for such relief should be denied.

21          Petitioner asserts that he must be transported to the ICE facility in San Francisco for

22   biometric procedures.  Although somewhat unclear, it appears that petitioner argues that,

23   because he must provide biometric information along with an application for immigration relief

24   under 8 C.F.R. § 1003.47, respondents must transfer him to the San Francisco facility to obtain

25   that biometric information.  That regulation provides, in part:

26   ////

> Failure to provide biometrics or other biographical information of the applicant or any other covered individual within the time allowed will constitute abandonment of the application or of the other covered individual's participation unless the applicant demonstrates that such failure was the result of good cause. DHS is responsible for obtaining biometrics and other biographical information with respect to any alien in detention.

8 C.F.R. § 1003.47(d). The regulation does not provide authority for this court to order respondents to transport petitioner to the ICE facility in San Francisco. Accordingly, petitioner's request for such relief should be denied.

**IV.   Consolidation of Cases**

It has come to the Court's attention that petitioner has filed another habeas petition at Case No. Civ. S-09-2806 FCD CMK. Examination of that petition and the petition in the instant case reveals that the two cases involve similar factual questions and some identical legal issues. Resolution of the two cases by different judges would "entail substantial duplication of labor," and the court therefore finds the cases related under Local Rule 123(a)(4). Under the regular practice of this court, related cases are generally assigned to the judge and magistrate judge to whom the first filed action was assigned. Accordingly, the cases are reassigned at the conclusion of the order.

Given that the two petitions involve similar factual questions and some identical legal issues, the Court finds that they should be consolidated under Fed. R. Civ. P. 42(a). The Clerk will be directed to administratively close the file in Case No. Civ. S-09-2806 FCD CMK, and all future pleadings shall be filed in this action.

**V.   Petitioner's Renewed Request for Counsel**

In his opposition to respondents' motion to dismiss, petitioner renews his request for appointment of counsel, which this court initially denied in its order of September 29, 2009 without prejudice to renewal after service of a responsive pleading. In that order, the court noted that the petition raised a number of complex issues. Although the issues presented by petitioner's case have come into sharper focus following the court's analysis of respondents'

motion to dismiss and petitioner's motion for a preliminary injunction, the case continues to

present some complicated issues (e.g., whether petitioner has been afforded an adequate bond

hearing). The court has therefore determined that the interests of justice warrant appointment of

counsel. *See* 18 U.S.C. § 3006A(a)(2)(B); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

## VI.   Order and Recommendations

For the reasons stated above, IT IS HEREBY ORDERED that:

1. This action, Case No. Civ. S-09-1800 JAM EFB P, is related to petitioner's habeas

petition at Case No. Civ. S-09-2806 FCD CMK within the meaning of Local Rule 123(a)(4).

The cases are properly consolidated pursuant to Fed. R. Civ. P. 42(a). Accordingly, Case No.

Civ. S-09-2806 FCD CMK is hereby REASSIGNED to District Judge John A. Mendez and

Magistrate Judge Edmund F. Brennan. The Clerk is directed to make appropriate adjustment in

the assignment of civil cases to compensate for the reassignment. In accordance with this order,

    a.    Case No. Civ. S-09-1800 JAM EFB P is designated as the "master file";

    b.    The Clerk is directed to copy the petition and other pertinent documents in Civ. S-09-2806 FCD CMK and to place said copies in the "master file";

    c.    The Clerk is directed to administratively close Case No. Civ. S-09-2806 FCD CMK; and

    d.    The parties are directed to file all future pleadings ONLY in Case No. Civ. S-09-1800 JAM EFB P.

2. The Court finds that the complexity of issues presented by this case warrants the

appointment of counsel for petitioner. Accordingly, the Federal Defender is appointed to

represent petitioner.

3. The Clerk of the Court is directed to serve a copy of the petitions in the consolidated

cases (Civ. S-09-1800 JAM EFB P and Civ. S-09-2806 FCD CMK) and this order on David

Porter, Assistant Federal Defender.

////

4. A Status Conference is set for May 5, 2010, at 10:00 a.m. in Courtroom No. 24.

5. All parties shall appear at the status conference by counsel.

6. Fourteen days prior to the conference, the parties shall file and serve status reports which address the timing and order of the following matters:

        a.         Discovery and investigations;

        b.         Anticipated motions; and

        c.         The need for and timing of an evidentiary hearing.

The court further concludes that petitioner's detention is not authorized by 8 U.S.C. § 1226(c), but rather § 1226(a). Therefore, respondents' motion to dismiss, to the extent it is based on the premise that petitioner is lawfully detained under § 1226(c), should be denied. However, because the court lacks jurisdiction over petitioner's claims that he is not deportable, respondents' motion to dismiss should be granted in part, and those claims should be dismissed.

Lastly, the court concludes that petitioner has not met his burden of showing his entitlement to preliminary injunctive relief releasing him from custody or ordering his transport to San Francisco, and his motions for such relief should be denied.

Accordingly, IT IS RECOMMENDED that:

1. Respondents' November 12, 2009 motion to dismiss, Dckt. No. 46, be granted in part, and petitioner's allegations that he is not deportable be dismissed for lack of jurisdiction;

2. The remainder of respondents' November 12, 2009 motion to dismiss be denied;

3. Respondents be directed to file a response to the petitions in the consolidated cases (Civ. S-09-1800 JAM EFB P and Civ. S-09-2806 FCD CMK) within thirty days of any order adopting these findings and recommendations;

4. Petitioner's October 30, 2009 motion for preliminary injunctive relief, Dckt. No. 45, be denied; and

5. Petitioner's requests for expedited ruling, Dckt. No. 47, and status, Dckt. No. 53, of his motion for preliminary injunctive relief be denied as moot.

1    These findings and recommendations are submitted to the United States District Judge

2    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one

3    days after being served with these findings and recommendations, any party may file written

4    objections with the court and serve a copy on all parties.  Such a document should be captioned

5    "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

6    within the specified time may waive the right to appeal the District Court's order. *Turner v.*

7    *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

8    Dated:  February 1, 2010.

9                                                 EDMUND F. BRENNAN
10                                                UNITED STATES MAGISTRATE JUDGE